NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CARLOS ARCE, | |
| Plaintiff, | Civil Action No. 13-cv-2776 (JAP) |
| v. | **OPINION** |
| BANK OF AMERICA, JARED STEUBING, ERIC JOHNSON and COURTNEY KILEY, | |
| Defendants. | |

PISANO, District Judge

Presently before the Court is Defendant, Bank of America, N.A.'s ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #5]. Plaintiff, Juan Carlos Arce ("Plaintiff"), opposes this motion by filing a "motion to strike Defendant's motion to dismiss" [docket #6]. Defendant opposes Plaintiff's motion to strike [docket #8]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court GRANTS Defendant's motion to dismiss in its entirety [docket #5] and DENIES Plaintiff's motion to strike [docket #6].

**I. BACKGROUND**

Plaintiff's Complaint, received by the Court on April 30, 2013, essentially consists of ten (10) causes of action pursuant to: (1) the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-5 and 34:19-8; (2) false claims in violation of N.J.S.A. 2A:32C-10; (3) sexual harassment in violation of N.J.S.A. 2C:33-4; (4) Title VII of the Civil Rights Act of

1

1964, 42 U.S.C. § 2000e; (5) slander and libel in violation of N.J.S.A. 2A:14-3; (6) the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335; (7) the Americans with Disabilities Act 42 U.S.C. §§ 12102, *et seq*.; (8) the Right to Financial Privacy Act, 12 U.S.C. § 3401; (9) the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, *et seq*.; and (10) Obstruction of Criminal Investigation in violation of 18 U.S.C. § 1510. For the sake of clarity, the Court will address Plaintiff's factual allegations specific to each cause of action in separate paragraphs.

(1) In support of his CEPA claim, Plaintiff alleges that Defendant(s) violated N.J.S.A. 34:19-5 by wrongfully terminating him on March 14, 2013. Compl., p. 4. Plaintiff claims that Defendant(s) used tardiness as the reason for terminating him and that such action constitutes wrongful termination. Compl., p. 3. Further, Plaintiff claims that Defendant used tardiness as a pretext for termination, but that he was terminated for reporting claims of sexual harassment to the human resources department. Compl., p. 3.

(2) Plaintiff makes no factual allegations, other than listing the statute in his complaint, regarding false claims in violation of N.J.S.A. 2A:32C-10. Compl., p. 3.

(3) Plaintiff asserts that Defendant Eric Johnson sexually harassed him by discussing the possibility of "opening a strip club and how profitable it would be with the consumption of alcohol" in front of Plaintiff and two female associates, Adrienne Murphy and Shanee Abbott. Compl., p. 3. Plaintiff further alleges that Defendant Eric Johnson stated to an individual named Nation Price that a customer "needed a relationship review" while gyrating and making inappropriate body motions. Compl., p. 3. Plaintiff claims that he was sexually harassed when Defendants Eric Johnson and Jared Steubing discussed how to court females, and when

Defendant Jared Steubing told Plaintiff he should use a bucket at his workstation for a bathroom. Compl., pp. 3-4.

(4) Plaintiff states that Defendant(s) violated Title VII of the Civil Rights Act by denying his constitutional right to practice his religious beliefs. Compl., p. 3. Plaintiff further alleges that Defendant(s) showed preference to non-minority clients, treated minority clients with bias, and further gave minority employees (such as Plaintiff, Shanee Abbott and Adrienne Murphy) fabricated warnings to prevent them from advancing within the company. Compl., pp. 3-4. Moreover, Plaintiff claims that Defendant failed to discipline Pooja Jajal for stating "I love the way 'you people' have the ability to do anything with your hair" and that she intended "you people" to mean black people; therefore, Defendant(s) allowed Adrienne Murphy and Shanee Abbott to be racially discriminated against. Compl., p. 4.

(5) In support of his slander and libel claims, Plaintiff alleges that he was in a meeting with individual Defendants Courtney Kiley, Jared Steubing and Eric Johnson, where he was accused in writing of running through the lobby in a loud and angry manner. Compl., p. 4. Plaintiff further claims that Defendant Jared Steubing told Plaintiff he was perceived as violent and other employees feared him[1]. Compl., p. 4.

(6) Moreover, Plaintiff alleges that Defendant Eric Johnson violated USERRA by stating that Plaintiff was not eligible for military pay while on duty. Compl., p. 3. Plaintiff further states that on October 12, 2012, Defendant(s) required Plaintiff to work until 1 p.m. despite his mandatory obligation to report to the Army National Guard at such time. Compl., p. 3.

---

[1] Plaintiff states that Defendant Jared Steubing also told Plaintiff he would be fired if he attempted to seek any medical accommodations. Compl., p. 4. Plaintiff includes this factual allegation in the slander and libel section of his Complaint; however, it appears to be an allegation relating to Plaintiff's ADA claim and will be addressed by this Court as such.

3

(7) Plaintiff asserts that Defendant Eric Johnson violated the ADA on January 31, 2013, by telling Plaintiff he had to stand despite being aware of Plaintiff's medical restrictions. Compl., p. 4. Plaintiff further alleges that Defendant Jared Steubing told Plaintiff he would be fired if he attempted to seek any medical accommodations. Compl., p. 4.

(8) Plaintiff makes no factual allegations, other than listing the statute in his complaint, regarding a violation of the Right to Financial Privacy Act, 12 U.S.C. § 3401. Compl., p. 3.

(9) Plaintiff alleges that Defendant(s) violated the Gramm-Leach-Bliley Act by illegally asking Plaintiff to disclose account information surrounding the business of Augustus Brown. Compl., p. 4.

(10) Last, Plaintiff alleges that on March 13, 2013, Defendant(s) obstructed a criminal investigation in violation of 18 U.S.C. § 1510 by denying Plaintiff the ability to report suspicious activities, which were endangering public safety, to the authorities. Compl., p. 3.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F. 3d 902, 906 (3d Cir. 1997). However, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal

conclusions." *Id.* The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

**b.      Analysis**

      *i.      The New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-5 and 34:19-8*

When enacted, CEPA was considered "the most far reaching 'whistle-blower statute' in the nation." *D'Annunzio v. Prudential Ins. Co. of Am.,* 192 N.J. 110, 120 (2007)(quoting *Mehlman v. Mobil Oil Corp.,* 153 N.J. 163, 179 (1998)). CEPA is intended to provide protection "to vulnerable employees who have the courage to speak out against or decline to participate in an employer's actions that are contrary to public policy mandates." *See Yurick v. State,* 184 N.J. 70, 77 (2005). Since CEPA is a "broad, remedial legislation," it must therefore "be construed liberally" to effectuate its important social goal. *D'Annunzio,* 192 N.J. at 120 (citing *Abbamont v.*

5

*Piscataway Tp. Bd. of Educ.,* 138 N.J. 405, 431 (1994)(further citations omitted)). *See also Donelson v. DuPont Chambers Works,* 206 N.J. 243, 256 (2011).

In order to sufficiently plead a CEPA claim, a Plaintiff must allege that "(1) [he or she] reasonably believed that the employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity described in N.J.S.A. 34:19–3c; (3) an adverse employment action was taken against the plaintiff employee; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action." *White v. Smiths Detection, Inc.*, 2010 WL 4269424, at *-- (D.N.J. Oct. 22, 2010)(citing *Dzwonar v. McDevitt,* 177 N.J. 451, 462 (2007)). A CEPA plaintiff need not demonstrate "that the activity complained of ... [constituted] an actual violation of a law or regulation," but simply that he or she "'reasonably believes' that to be the case." *Id.* (quoting *Estate of Roach v. TRW, Inc.,* 164 N.J. 598, 613 (2000)).

Further, "CEPA does not merely require that the employee subjectively believe that certain activities have taken . . . place. In order for an employee's belief to be considered "reasonable," that belief must be such that 'a reasonable lay person would conclude that *illegal activity was going on. . . .*'" *Blackburn v. United Parcel Serv., Inc.*, 3 F. Supp. 2d 504, 515 (D.N.J. 1998) *aff'd,* 179 F.3d 81 (3d Cir. 1999)(emphasis in original)(quoting *Young v. Schering Corp.,* 275 N.J. Super. 221, 232 (App. Div. 1994) *aff'd*, 141 N.J. 16 (1995)).

Here, as alleged, there is little doubt that Plaintiff was performing a whistleblowing activity under N.J.S.A. 34:19-3c, and that an adverse employment action was taken against him. Specifically, Plaintiff states in his complaint that he reported sexual harassment activity to human resources and was terminated on March 14, 2013. Thus, the remaining elements are whether Plaintiff reasonably believed that Defendant was acting illegally or against public

policy, and whether a causal connection exists between Plaintiff's whistleblowing and termination. The Court finds that Plaintiff has failed to establish a causal connection and therefore, it need not address whether Plaintiff's belief was reasonable.

As described above, Plaintiff's complaint contains four (4) allegations relating to sexual harassment. According to Plaintiff, two of the incidents occurred in September, 2012; one incident in February, 2013; and the remaining incident of harassment occurred on "various occasions." Then, on March 14, 2013, Plaintiff was terminated. Importantly, however, Plaintiff fails to allege *when* he reported these incidents to human resources. Each alleged incident of sexual harassment occurred at a different period of time, with two incidents occurring six (6) months prior to Plaintiff's termination. Further, Plaintiff's complaint attaches a written warning from January 24, 2013, that addresses Plaintiff's tardiness. As stated previously, Defendant's reasoning for terminating Plaintiff was tardiness, and Plaintiff's termination occurred exactly seven (7) weeks after he received a written warning. Given these particular circumstances, Plaintiff cannot sufficiently allege a causal connection between whistleblowing and his termination without pleading any facts surrounding the proximity of the two. The facts as stated in Plaintiff's complaint are nothing more than speculative and do not meet the plausibility standard. Accordingly, Plaintiff's CEPA claim is DISMISSED.

       ii.    *False Claims, N.J.S.A. 2A:32C-10*

As stated above, Plaintiff does not plead any facts relating to a violation of N.J.S.A. 2A:32C-10. Plaintiff merely concludes that Defendant violated the statute, but provides no support for this contention. The plausibility standard requires Plaintiff to plead factual content that allows this Court to draw a reasonable inference that Defendant is liable for the misconduct

alleged. Here, Plaintiff simply failed to do so. Accordingly, Plaintiff's claim pursuant to N.J.S.A. 2A:32C-10 is DISMISSED.

### iii. *Sexual harassment in violation of N.J.S.A. 2C:33-4*

N.J.S.A. 2C:33-4 provides that "a person commits a petty disorderly persons offense if, with purpose to harass another, he: (a) Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm; (b) Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or (c) Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." Importantly, however, "a plaintiff does not have a civil cause of action against a defendant for an alleged violation of the New Jersey Penal Code Section 2C:33–4." *Lin v. Chase Card Servs.,* 427 F. App'x 118, 121 (3d Cir. 2011).

Here, Plaintiff is attempting to bring a civil cause of action against Defendant for an alleged violation of N.J.S.A. 2C:33-4. This is blatantly improper. Accordingly, Plaintiff's claim pursuant to N.J.S.A. 2C:33-4 is DISMISSED.

### iv. *Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*

"[U]sually '[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim ... for conciliation or resolution.'" *Green v. Potter*, 687 F. Supp. 2d 502, 516 (D.N.J. 2009) (citing *Hornsby v. United States Postal Service,* 787 F.2d 87, 90 (3d Cir.1986)). "Title 42 U.S.C. § 2000e–5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit." *Cortes v. Univ. of Med. & Dentistry of New Jersey*, 391 F. Supp. 2d 298, 309 (D.N.J. 2005).

Prior to bringing a claim for relief in federal court pursuant to Title VII, a plaintiff "must file a charge [with the Equal Employment Opportunity Commission "EEOC"] within the statutory time period and serve notice upon the person against whom the charge is made." *Id.* Further, New Jersey is a "deferral state" and any complaints received by the EEOC that arise in New Jersey should be referred to the New Jersey Division on Civil Rights ("DCR"). *Id.* at 310. Due to the existence of this deferral agency, any complaints received by the EEOC within 300 days of the alleged violation will be timely. *Id.* Importantly, however, the fact that the DCR may ultimately hear a complaint does not obviate the requirement to first file with the EEOC.

Here, Plaintiff alleges that Defendant violated Title VII by discriminating against him on the basis of race and religion. Further, in Plaintiff's motion papers, he states that he exhausted his administrative remedies by filing complaints with the Federal Trade Commission and Civil Rights agencies of New Jersey. However, Plaintiff fails to plead that he exhausted his administrative remedies by first filing a charge with the EEOC. As set forth above, a complaint does not state a claim for relief unless it asserts that it satisfied this precondition. Accordingly, Plaintiff's claim(s) pursuant to Title VII are DISMISSED.

> **v.** *Slander and Libel in violation of N.J.S.A. 2A:14-3*

Libel and slander are "distinguished under the *Restatement (Second) of Torts,* § 568 (1977):

> (1) Libel consists of the publication of defamatory matter by written or printed words, by its embodiment in physical form or by any other form of communication that has the potentially harmful qualities characteristic of written or printed words.
>
> (2) Slander consists of the publication of defamatory matter by spoken words, transitory gestures or by any form of communication other than those stated in Subsection (1)."

*Too Much Media, LLC v. Hale*, 413 N.J. Super. 135, 165-66 (N.J. Super. Ct. App. Div. 2010) *aff'd and modified*, 206 N.J. 209 (2011). Notably, both libel and slander require "defamatory matter." Thus, regardless of whether a claim is for libel or slander "a plaintiff must show that [the] defendant communicated to a third person a false statement about plaintiff that tended to harm plaintiff's reputation in the eyes of the community or to cause others to avoid plaintiff." *Id.*

Here, Plaintiff alleges that Defendant(s) made, and wrote, accusatory comments about Plaintiff in a meeting. Importantly, however, Plaintiff does not allege whether these comments were false and further, whether Defendant(s) ever communicated these comments to a third person. Rather, Plaintiff's complaint makes clear that the only people present at the meeting were Plaintiff and the individual Defendants. Plaintiff cannot maintain a cause of action for libel and/or slander based on statements made only to Plaintiff. Accordingly, Plaintiff's causes of action for libel and slander are DISMISSED.

### vi. *The Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335*

"To establish a claim under the USERRA, the plaintiff has the initial burden of production to show that, by a preponderance of the evidence, 'the employee's military service was 'a substantial or motivating factor' in the adverse employment decision." *Hart v. Twp. of Hillside*, 228 F. App'x 159, 162 (3d Cir. 2007)(quoting *Sheehan v. Dep't of the Navy,* 240 F.3d 1009, 1013 (Fed.Cir.2001)).

Here, Plaintiff alleges that Defendant(s) violated the USERRA by stating that Plaintiff was not eligible for military pay, and by requiring him to work until 1 p.m. despite his obligation to report to the Army National Guard at that time. Plaintiff does not allege that his military service was a factor in the Defendant's decision to terminate him, nor does Plaintiff generally

allege any facts that would give rise to such a conclusion. Accordingly, Plaintiff has failed to state a plausible right to relief and his claim under the USERRA is DISMISSED.

### vii. The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102, et seq.

"[I]n order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Fulton v. L-3 Commc'ns Corp.*, 2009 WL 3334875, at *-- (D.N.J. Oct. 14, 2009)(internal citation omitted).

Plaintiff alleges that Defendant violated the ADA by stating that he would be fired if he attempted to seek medical accommodations, and that he was forced to stand despite having a medical restriction. However, having a medical restriction and/or needing a medical accommodation does not equate to having a disability. Plaintiff fails to allege that he even has a disability and/or whether such disability is covered by the ADA. Generally alleging the existence of a medical restriction and needing accommodations does not give rise to a plausible right to relief. Accordingly, Plaintiff's claim under the ADA is DISMISSED.

### viii. The Right to Financial Privacy Act, 12 U.S.C. § 3401

As stated above, Plaintiff does not plead any facts relating to a violation of the Right to Financial Privacy Act. Plaintiff merely concludes that Defendant violated the Act, but provides no factual or other support for this contention. The plausibility standard requires Plaintiff to plead factual content that allows this Court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Here, Plaintiff has failed to meet this standard. Accordingly, Plaintiff's claim pursuant to the Right to Financial Privacy Act is DISMISSED.

### ix. *The Gramm-Leach-Bliley Act ("GBLA"), 15 U.S.C. §§ 6801, et seq*.

The GBLA places an affirmative and continuing obligation upon financial institutions to "respect the privacy of its customers and protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). Further, the enforcement provision of the GBLA provides that the regulations shall be enforced by ". . . the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission . . . ." 15 U.S.C. § 6805. Stated differently, "[n]o private right of action exists for an alleged violation of the GLBA." *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007).

Here, Plaintiff elusively states that he was illegally asked to disclose account information to the business of Augustus Brown. Plaintiff does not allege whose account information he was forced to disclose, whether such information was that of a customer, or whether the disclosure was of nonpublic personal information. Further, it is clear from the language of the statute that Plaintiff cannot bring a private right of action under the GLBA. Accordingly, Plaintiff's GLBA claim is DISMISSED.

### x. *Obstruction of Criminal Investigation in violation of 18 U.S.C. § 1510.*

18 U.S.C. § 1510 deals largely in part with attempting to obstruct a judicial proceeding or notifying a person about the existence or content of a subpoena for records of a financial institution. Plaintiff does not allege any facts regarding a judicial proceeding or the existence of a subpoena; thus, the only potentially applicable section of this statute to the instant matter is 18 U.S.C. § 1510(a) which provides:

> Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person

>to a criminal investigator shall be fined under this title, or imprisoned not more than five years, or both.

Here, Defendant argues that this statute is not intended to create a private right of action, and therefore, Plaintiff's claim should be dismissed. However, the Court need not reach this issue, as it is clear from the plain language of the statute that Plaintiff fails to state a claim.

15 U.S.C. § 1510(a) penalizes a party who, *by means of bribery,* prevents another from communicating information relating to the violation of any criminal statute (emphasis supplied). Nowhere in Plaintiff's complaint does he allege that he was bribed into remaining silent. Rather, Plaintiff generally alleges that he was denied the ability to report suspicious activities to the proper authorities. Plaintiff fails to plead *how* he was denied this ability, and further fails to raise a scintilla of facts surrounding any bribery by Defendant whatsoever, which is necessary to create a plausible right to relief. Accordingly, Plaintiff's claim pursuant to 18 U.S.C. § 1510 is DISMISSED.

## III.  CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's motion to dismiss in its entirety [docket #5], and dismisses Plaintiff's Complaint [docket #1] without prejudice. Further, given that this Court has decided Defendant's motion to dismiss, Plaintiff's "motion to strike Defendant's motion to dismiss" is DENIED as it is moot [docket #6]. An appropriate Order accompanies this Opinion.

Date: November 15, 2013  /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge